IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

UNITED STATES OF AMERICA    )
                            )
v.                          )    Case No. 3:10CR170-6–HEH
                            )
MARK JASON FIEL,            )
                            )
        Defendant.          )

## MEMORANDUM OPINION
**(Defendant's Motion to Suppress; First Motion for Severance; Motion for Notice of
Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b); Motion
for Dismissal of Counts One and Two; Motion for Bill of Particulars; Motion for
Disclosure of Exculpatory and Impeachment Evidence; Motion in Limine to
Preclude Admission of Co-conspirator Hearsay Statements; and Second Motion for
Extension of Time to File Pretrial Motions)**

The Defendant, Mark Jason Fiel, was indicted on June 10, 2010, by a federal grand

jury for Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act,

18 U.S.C. § 1962(d) (Count 1); Conspiracy to Commit Violence in Aid of Racketeering,

18 U.S.C. § 1959(a)(6) (Count 2); and violation of the Civil Rights Act, 18 U.S.C. §

245(b)(2)(F) (Count 5). The case is presently before the Court on a number of pretrial

motions filed by the Defendant. With respect to those motions addressed below, the

Court will dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the Court and argument would not aid in the

decisional process.

The Defendant's first motion is for Notice of Intent to Introduce Evidence

Pursuant to Federal Rule of Evidence 404(b). In this Motion, the Defendant requests this Court to direct the government to provide him with reasonable notice of any evidence classified as other crimes, wrongs, or acts, under Rule 404(b), that it intends to use at trial. In order for the Defendant to have reasonable notice before trial, the government is ordered to provide "the general nature of any such [404(b)] evidence it intends to introduce at trial," within fourteen days of trial. Fed. R. Evid. 404(b).

Second, the Defendant argues in his Motion for Dismissal of Counts One and Two that the government failed to allege a sufficient factual basis to support the conspiracy charges in the Indictment. In particular, the Defendant maintains that Count 1 lacks allegations of his engaging in acts of racketeering on behalf of the Outlaws Motorcyle Club ("Outlaws"). Also, the Defendant argues that Count 2 fails to contain sufficient information to support one of the overt acts of the conspiracy, namely, assault with a dangerous weapon.

However, with respect to Count 1, the overwhelming "authority from other circuits hold[s] that an indictment under 18 U.S.C. § 1962(d), the RICO conspiracy statute, need not allege with specificity the predicate racketeering offense composing the pattern of racketeering activity, but instead need only allege that defendant engaged in a pattern of racketeering activity." *United States v. Le,* 310 F. Supp. 2d 763, 780 (E.D. Va. 2004) (citing *United States v. Crockett,* 979 F.2d 1204, 1209 (7th Cir. 1992); *United States v. Glecier,* 923 F.2d 496, 500 (7th Cir. 1991); *United States v. Phillips,* 874 F.2d 123, 128

n.4 (3d Cir. 1989); *United States v. Sutherland*, 656 F.2d 1181, 1197 (5th Cir. 1981)).

The Indictment clearly alleges that the Defendant did "conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise [the Outlaws] through a pattern of racketeering activity . . . ." (Indictment 19.) Therefore, the Defendant's Motion for Dismissal on Count One will be denied.

In addition, as to Count 2, the Indictment need not "allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy or to state such object with detail . . . ." *Wong Tai v. United States*, 273 U.S. 77, 81, 47 S. Ct. 300, 301–02 (1927) (internal citation omitted). Instead, "all that is necessary in the indictment is that the object of the conspiracy be set forth sufficiently to identify the offense which the defendant is charged with conspiring to commit." *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994) (internal citation omitted). In this case, the United States has clearly described sufficient facts to identify the alleged offense committed by the Defendant, namely a violation of Virginia Code § 18.2-51 (malicious wounding), as identified in overt acts 28–29 of the Indictment. Therefore, Defendant's Motion for Dismissal of Count Two will also be denied.

Third, in Defendant's Motion for Bill of Particulars, he requests that the government provide greater specificity with respect to certain allegations in the Indictment. The office of a bill of particulars is to amplify the indictment by providing missing or additional information so the defendant may effectively prepare for trial.

*United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996). It is not a discovery vehicle and should not be used "to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars is also not intended to allow the defendant to preview the government's evidence or its legal theory.

In requests one, five, six, seven, and nine of the Motion for Bill of Particulars, the Defendant seeks the dates for which the government claims he was a member of the Outlaws, the date and location where he agreed to engage in at least two acts of racketeering activity, the date and location he entered the conspiracy, the dates he participated in the overt acts of the conspiracy, and dates he participated in a drug distribution in furtherance of the conspiracy. Absent an alibi defense, statute of limitations allegation, or an allegation of multiple overt acts committed on a single day, this Court finds the exact date of the conspiracy offenses charged are not essential to Defendant's effective preparation for trial.[1] On the other hand, the Defendant's request for the location of the alleged overt acts will be granted. The government will provide the Defendant with a general description of the location where it alleges he was told to "clean house" by Defendant Jack Rosga and where he unlawfully assaulted a probationary

---

[1] Moreover, the Indictment contains specific time periods of the alleged conspiracy for both counts. Specifically, Count 1 alleges the conspiracy to violate RICO ran from 2005 until June 10, 2010, and Count 2 ran from March 2006 until June 10, 2010. With respect to overt acts in the Indictment involving the Defendant, the governments provides specific dates in paragraphs 26, 28, and 32.

Outlaws member.[2]

The second and third elements of the Motion for Bill of Particulars seek a description of the facts establishing the Defendant's involvement in, or conspiracy to, commit overt acts in which he is not named in the Indictment. The fourth, eighth, and tenth elements seek facts concerning the predicate criminal offenses charged in the Indictment, the actions the Defendant made in furtherance of the conspiracy, and the type of weapon he used in the alleged assault. These request greater specificity than required in a bill of particulars. In effect, the Defendant seeks a detailed disclosure of the government's evidence supporting Counts 1, 2, and 5 of the Indictment in advance of trial. Therefore, requests two, three, four, eight, and ten of Defendant's Motion for Bill of Particulars will be denied.

Fourth, in his Motion for Disclosure of Exculpatory and Impeachment Evidence, the Defendant delineates a host of generic categories of information and documents which could potentially be exculpatory. Motions seeking exculpatory, impeachment, and mitigating evidence are self-executing. The Defendant's Motion puts the government on notice that certain materials and information that may be in their possession could be exculpatory and should be examined carefully. The Defendant's request is sufficient to draw the government's attention specifically to the materials requested. *See United States*

---

[2] The only other overt act referring to Defendant Mark Jason Fiel is the civil rights violation. The Indictment clearly sets forth the Hard Times Cafe in Fredericksburg, Virginia as the location of the offense.

*v. Billups*, 692 F.2d 320, 325–26 (4th Cir. 1982). The government therefore has the burden of determining whether or not such information is disclosable under *Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196–97 (1963). If, on careful review, the government determines that the information requested is material and favorable to the Defendant, it has a duty to disclose it in a timely manner.

In enforcing the disclosure requirements mandated by *Brady*, courts have divided exculpatory evidence into two categories—that demonstrating actual innocence and that which affects the weight, value, and credibility of the prosecution evidence. *United States v. Bagley*, 473 U.S. 667, 676, 105 S. Ct. 3375, 3380 (1985); *United States v. Beckford*, 562 F. Supp. 780, 788 (E.D. Va. 1997). The former should be disclosed promptly; the latter in time to be of use at trial, but not later than ten days before trial.

Fifth, adopting the argument advanced by a number of the co-defendants, the Defendant seeks to preclude in limine admission of co-conspirator hearsay statements. He urges the Court to review any out-of-court statements of co-conspirators that the government intends to offer as evidence at trial before their admission. In order to minimize the prejudicial impact of such statements, the Defendant suggests that the Court make a determination as to their admissibility before the statements are presented in trial to the jury. *Bourjaily v. United States*, 483 U.S. 171, 175, 107 S. Ct. 2775, 2778–79 (1987) (setting forth the standard for admissibility of co-conspirator's declarations). In support of this Motion, the Defendant relies on *United States v. Gantt*, 617 F.2d 831, 845

(D.C. Cir. 1980).[3]

Judicial screening of co-conspirators' statements admitted into evidence in the

government's case-in-chief appears to find its genesis in the Fifth Circuit decision in

*United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99

S. Ct. 2836 (1979). The Fourth Circuit has, however, rejected this formalistic

requirement that there must be a hearing to determine the existence of a conspiracy before

statements can be admitted under Federal Rule of Evidence 801(d)(2)(E). *United States*

*v. Hines*, 717 F.2d 1481, 1488 (4th Cir. 1983). As the Fourth Circuit pointed out in

*United States v. Blevins*, "[i]nstead, we allow a trial court to conditionally admit co-

conspirators' statements subject to the subsequent satisfaction of the requirements for

their admission." *United States v. Blevins*, 960 F.2d 1252, 1256 (4th Cir. 1992) (citing

*Hines*, 717 F.2d at 1488). Moreover, we do not believe that a trial judge is required to set

out on the record his reasons for making this evidentiary ruling . . . ." *Id.*

This Court will follow the teachings of *Blevins* and allow co-conspirators'

statements to be conditionally admitted subject to subsequent proof by the government

that they were made "during the course of and in furtherance of the conspiracy." Fed. R.

Evid. 801(d)(2)(E).

---

[3]The Defendant's reliance on *Gantt* appears to be misplaced. The D.C. Circuit did not adopt the rigid rule announced in the earlier panel decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979). In *Gantt*, the Court embraced the widely accepted policy of vesting the trial court with discretion to conditionally admit declarations of co-conspirators "subject to connection." *Gantt*, 617 F.2d at 845.

Sixth, in his Motion for Extension of Time in Which to File Pretrial Motions, the Defendant represents that he has been waiting for the government to unseal several search warrants and accompanying affidavits which may have yielded evidence pertinent to this case. Until the Defendant is afforded access to the search warrants and affidavits, he is unable to determine whether or not a motion to suppress should be filed. This motion will be granted and the Defendant will be given seven (7) days from receipt of the search warrant affidavits to file any additional pretrial motions challenging the sufficiency of the affidavits or the legality of the resulting searches.

For the remaining motions, Defendant's Motion to Suppress and First Motion for Severance, the Court will reserve judgment until hearing oral argument on September 2, 2010, at 11:00 a.m.

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Dated: Aug. 20 2010
Richmond, Virginia