IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 3:10CR170–HEH |
| | ) | |
| JACK ROSGA et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER
(Severing Defendants for Trial)

This case, certified as complex litigation under the Speedy Trial Act, originally charged twenty-seven Defendants in a twelve-count Indictment. To date, twelve Defendants have pleaded guilty. Trial for the remaining fourteen Defendants[1] is currently set to begin on October 20, 2010. For the reasons stated below, the Court hereby ORDERS that the Defendants be severed into two groups for trial. Defendants Jack Rosga, Leslie Werth, Thomas Benvie, Mark Spradling, Thomas Petrini, William Davey, and Harold Herndon will proceed to trial on October 20, 2010, at 9:30AM as originally scheduled. The trial of Defendants Mark Jason Fiel, Mark Steven Fiel, Harry Rhyne McCall, Christopher Timbers, Jamie Townsend, William Powell, and Dennis Haldermann is hereby CONTINUED to December 1, 2010, at 9:30AM. The Court will set a date for trial on Counts Five and Six at the conclusion of the December trial on Counts One through Four and Seven.

---

[1] In addition to the twelve Defendants who pleaded guilty, one of the Defendants originally-indicted in this case—Thomas Mayne—is deceased. (*See* Mot. U.S. Certify Case as "Complex" Under the Speedy Trial Act 1.)

Because the Court severs this matter *sua sponte* for pragmatic reasons, the Government's Motion to Sever Defendants for Separate Trials (Dk. No. 403), filed on September 23, 2010, and Defendants' Motions in Opposition to Government's Motion to Sever (Dk. Nos. 410, 431, 434, 437, 443) are hereby DENIED as moot.

## I. BACKGROUND

On June 10, 2010, the government charged twenty-seven Defendants in a twelve-count Indictment. The Indictment charged Defendants with racketeering and associated acts of violence which allegedly occurred in at least six states. The government represented that it intends to call between thirty and fifty witnesses at trial and the extensive discovery in this case includes 200 hours of audio recordings, voluminous documents, and 300 pages of investigative reports. Accordingly, this Court granted the government's unopposed Motion to Certify Case as Complex Litigation under Speedy Trial Act on June 29, 2010.

Numerous Defendants filed pretrial motions. Among them, Defendants William Davey, Mark Jason Fiel, Joseph Allman, William Powell, and Mark Steven Fiel filed motions to sever, each asking this Court to sever his trial from the trial of his codefendants pursuant to Rule 14. (*See* Dk. Nos. 196, 222, 256, 257, 259.) Because the Defendants failed to show "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," *United States v. Zafiro*, 506 U.S. 534, 539 (1993), and "[t]he basic rule is that persons who have been indicted together, particularly for conspiracy, should be tried together," *United States v. Tipton*, 90 F.3d 861, 883 (4th Cir. 1996) this

2

Court, based on the posture of the case at that time, declined to sever the Defendants at that juncture.[2] The Court now confronts the issue of how to conduct the trial of these Defendants as a practical matter.

## II. SEVERANCE

Although Rule 14 of the Federal Rules of Criminal Procedure "is silent as to the court's authority to grant a severance sua sponte, this power has been recognized." *United States v. McManus*, 23 F.3d 878, 882–83 (4th Cir. 1994). The power "inherent in every court to control . . . its docket with economy of time and effort for itself, for counsel, and for litigants" is well established. *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). Accordingly, "the grant or denial of a motion for severance . . . is within the trial court's discretion and will not be overturned absent a clear abuse of that discretion." *United States v. West*, 877 F.2d 281, 287–88 (4th Cir. 1989), *cert. denied*, 493 U.S. 959, 110 S. Ct. 377 (1989).

In *United States v. McManus*, twenty-one individuals were charged in a thirty-count indictment; nineteen of those defendants were charged with conspiracy to possess with the intent to distribute cocaine. 23 F.3d at 880–81. By calendar call, ten defendants had pled guilty. *Id.* at 881. The district court, acting sua sponte, announced its intention to separate the remaining eleven defendants into two groups for trial "due to the logistical difficulties of trying a large number of defendants at once." *Id.* The Fourth Circuit,

---

[2] The Court did, however, sever the trial of Counts Five and Six from the balance of the Indictment. (*See, e.g.*, Mem. Op. Granting Mot. Severance (Dk. No. 390).)

3

addressing one defendant's objection to being placed in the first group, upheld the district court's decision to sever the trials. *Id.* at 883.

In this case, twenty-seven Defendants were charged in a twelve-count Indictment. The case has been certified as Complex Litigation under the Speedy Trial Act due to the number of defendants and nature of the prosecution. To date, twelve Defendants have pleaded guilty and one Defendant is deceased, leaving fourteen Defendants to be tried on seven counts.[3]

Each Defendant will have counsel present at trial; indeed, Defendant Rosga will have two attorneys present. Many of these attorneys have already filed—and this Court has already granted—motions permitting them to bring computers into the courtroom for use at trial. In short, if all fourteen Defendants were tried in a single trial, the defense table alone would be crammed with twenty-nine persons and numerous computers. The absurdity of endeavoring to conduct a trial of this magnitude is manifest.

The Court recognized at the outset that this case might require multiple trials. The Court informed counsel of this possibility at the pre-arraignment meeting in June of 2010. It is now apparent that such severance is required.

Knowing that any further continuance would require additional Speedy Trial Act waivers, the Court sought speedy-trial waivers from the remaining Defendants. Defendants Werth, Mark Jason Fiel, Mark Steven Fiel, McCall, Timbers, Townsend, Powell, and Haldermann waived their Speedy Trial Act rights and indicated that they

---

[3] The government filed a Superseding Indictment on September 15, 2010, which reduced the number of counts and defendants to reflect the guilty pleas taken thus far.

4

would be amenable to a December 1, 2010 trial date. Defendants Benvie, Spradling, Petrini, Davey, and Herndon declined to waive their rights.

It seems logical to divide the Defendants evenly for trial—seven in the first trial, seven in the second. Accordingly, Defendants Jack Rosga, Leslie Werth, Thomas Benvie, Mark Spradling, Thomas Petrini, William Davey, and Harold Herndon will proceed to trial on October 20, 2010, at 9:30AM as originally scheduled. The trial of Defendants Mark Jason Fiel, Mark Steven Fiel, Harry Rhyne McCall, Christopher Timbers, Jamie Townsend, William Powell, and Dennis Haldermann is hereby CONTINUED to December 1, 2010, at 9:30AM. The Court will set a date for trial on Counts Five and Six at the conclusion of the December trial on Counts One through Four and Seven.

                                                /s/
                                    Henry E. Hudson
                                    United States District Judge

Date: Oct. 1, 2010
Richmond, VA