# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA  )
           )
v.            )  Case No.: 3:10CR170–6–HEH
           )
MARK JASON FIEL,    )
           )
  Petitioner.     )

## MEMORANDUM OPINION
### (Motion to Vacate, Set Aside, or Correct Sentence
### Pursuant to 28 U.S.C. § 2255)

The Petitioner, Mark Jason Fiel ("Petitioner"), was convicted by a jury of this Court on December 21, 2010, of Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. §§ 1961–1968; and Conspiracy to Commit Violence in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(3). On April 8, 2011, the Petitioner was sentenced to 114 months of imprisonment on Count One, and 36 months on Count Two, to be served concurrently. Petitioner's convictions were affirmed by the United States Court of Appeals for the Fourth Circuit on August 2, 2012. *Werth v. United States*, 493 F. App'x 361, 364 (4th Cir. 2012). Petitioner is currently serving his sentence at the Federal Medical Center Devens in Ayer, Massachusetts. The case is presently before the Court on the Petitioner's Motion to Vacate, Set Aside or Correct his Sentence, pursuant to 28 U.S.C. § 2255, which he filed *pro se*.

The central claim in Petitioner's supporting submission is that he received ineffective assistance from his trial counsel. To demonstrate ineffective assistance of

counsel, a defendant must show first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient prong of *Strickland*, the defendant must overcome the "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to show that there is a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697. To prevail, Petitioner must demonstrate a "reasonable probability of a different outcome." *Lenz v. Washington*, 444 F.3d 295, 303 (4th Cir. 2006) (internal citations and quotation marks omitted).

Petitioner's claim of ineffective assistance of counsel appears to have four distinct elements. First, Petitioner contends that "[i]n light of the recent Supreme Court rulings in *Lafler* and *Frye* [, ] counsel fail[ed] to properly advise Movant regarding possible plea." (Pet'r's Mot. to Vacate, 5, ECF No. 1029.) In essence, Petitioner alleges that his counsel failed to effectively negotiate a plea agreement with the United States and failed to follow his instructions. He also asserts that counsel misjudged the chances of acquittal and his possible sentencing exposure if convicted. In her Affidavit, Petitioner's trial counsel denies the allegations and contends that Petitioner rejected the government's plea offer as

presented. Given the resulting dispute of material fact, an evidentiary hearing will be necessary.[1]

In Claim Two, Petitioner maintains that his trial counsel provided ineffective representation during his motion to suppress the evidence seized by the Fauquier County Sheriff's Office. Petitioner appears to allege that the search of his vehicle was pretextual and that the seizure of his personal day planner, and its subsequent use as the basis for a search warrant to examine his personal Smartphone, was illegal. However, as the government points out in its Partial Response to Petition Pursuant to 28 U.S.C. § 2255, Petitioner fails to identify the evidence or issues his counsel failed to raise at the suppression hearing, and how this evidence would have changed the outcome of the hearing. Moreover, nowhere in his Petition does he allege that the personal day planner or contents of the personal Smartphone were introduced at trial. (Gov't's Partial Resp. to Pet. 6, ECF No. 1073.) Therefore, no prejudice has been shown.

In Petitioner's third claim, he challenges the wisdom of his counsel's decision to be tried in the second group of Outlaw defendants. Twenty-seven individuals were indicted in this case—far too many for a manageable, single trial.[2] Petitioner contends that his counsel's decision to opt for the second trial greatly impaired his defense. (Pet'r's Aff. 1, ECF No. 1029-1.) Petitioner also disagreed with the Court's decision to divide the indictees into two separate groups for trial. He contends that his attorney

---

[1] The government concurs that the record is inadequate to resolve Claim One and that an evidentiary hearing is appropriate. *See Mask v. McGinnis*, 233 F.3d 132, 141 (2d Cir. 2000).
[2] Security and space limitations were also important considerations in dividing the defendants into two groups for trial.

failed to consult with him before acceding to the severance and selecting the later trial. Petitioner provides no explanation of his reasoning and conclusion that his defense was impaired by his attorney's decision. (*Id.*)

Typically, tactical decisions that affect defense strategy are left to the judgment of trial counsel. Such strategic decisions by counsel are clothed with a presumption that they fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Independently viewed, defense counsel's decision to preview the government's evidence and obtain transcripts of trial testimony was a reasonable course of action. *See McNeill v. Polk*, 476 F.3d 206, 215–16 (4th Cir. 2007). Claim Three lacks both factual and legal foundation and will therefore be dismissed.

In his final claim, Petitioner maintains that the trial court committed procedural error in its enhancement of the United States Sentencing Guidelines ("U.S.S.G.") on Counts One and Two. At Petitioner's sentencing hearing, his guidelines were increased by two levels under U.S.S.G. §3B1.1(a) for his leadership role in the RICO conspiracy, and two additional levels under §2D1.1(b)(1) for possession of firearms in connection with drug trafficking.[3] Petitioner contends that these sentencing enhancements involve factual issues that should have been presented to the jury for determination under a reasonable doubt standard. Petitioner relies on the reasoning of *United States v. Alleyne*, 133 S. Ct. 2151 (2013). *Alleyne*, however, has no application to the facts at hand. In that case, the United States Supreme Court held that "any fact that increases the mandatory

---

[3] At sentencing, the Court granted the government's Motion for Upward Variance from Total Offense Level 28, Criminal History Category I, to Total Offense Level 28, Criminal History Category III.

minimum is an element that must be submitted to the jury." *Id.* at 2155 (internal

quotation marks omitted). The Court in *Alleyne* further explained that "[a]ny fact that, by

law, increases the penalty for a crime is an element that must be submitted to the jury and

found beyond a reasonable doubt." *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483

n.10 (2000)).

In the immediate case, since the enhancements applied by the Court are not

elements of the underlying offense, neither *Alleyne* nor *Apprendi* are implicated.[4] *See*

*United States v. Benn*, ___ F. App'x ___, Nos. 12-4522, 12-4804, 12-4851, 2014 WL

2109806, at *11 (4th Cir. May 21, 2014) ("'[F]actual findings made for purposes of

applying the Guidelines, which influence the sentencing judge's discretion in imposing

an advisory Guidelines sentence and do not result in imposition of a mandatory minimum

sentence, do not violate the rule in *Alleyne*.'" (quoting *United States v. Ramirez-Negron*,

751 F.3d 42, 48 (1st Cir. 2014))).  Claim Four of the Motion must therefore be dismissed.

In the final analysis, the Court will dismiss Claims Two, Three, and Four of

Petitioner's Motion.  Because Claim One turns on disputed issues of material fact, an

evidentiary hearing will be scheduled.

---

[4] Even if the rule announced in *Allenye* applied to Petitioner's case, it is doubtful that it would be retroactive.  Rules governing the sentencing process are ordinarily considered to be procedural, as opposed to substantive, and therefore have no application to cases which have become final before the new rules are announced. *United States v. Mathur*, 685 F.3d 396, 399 (4th Cir. 2012); *see also Teague v. Lane*, 489 U.S. 288, 310 (1989).  Moreover, none of the exceptions to this limitation on retroactivity apply in this case. *Saffle v. Parks*, 494 U.S. 484, 495 (1990); *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989).

An appropriate Order will accompany this Memorandum Opinion.

                                                   /s/
                                        Henry E. Hudson
                                        United States District Judge

Date: July 31, 2014
Richmond, VA